IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALENTINA L. O'CONNOR, | ) | |
| | ) | Case No. 14 C 10263 |
| Plaintiff, | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| BOARD OF EDUCATION, | ) | Magistrate Susan E. Cox |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant Board of Education of the City of Chicago ("Board"), by and through one of its attorneys Assistant General Counsel Abbe M. Feitelberg, files this Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint and states:

1. Plaintiff filed a previous complaint in this Federal Court, <u>Case Number 11 C 673</u>, <u>Case Title: O'Connor vs. Chicago Board of Education</u>, on May 18, 2011, alleging that her employer, Defendant Chicago Board of Education, violated the F.M.L.A. of 1993, 2 U.S.C. §2615(a)(1),(b). The Court denied the Board's summary judgment motion pursuant to Federal Rule of Civil Procedure 56(a).

**ANSWER: ADMIT.**

2. Immediately after this Court's decision, the Board, through its employees – my supervisors and their supervisors – started an aggressive series of actions against me as a person, against my reputation as a professional, undermining my enthusiasm and abilities to perform my job, and by using my F.M.L.A. requested time to punish me, to force me to resign from my job, by unfair practices which created a hostile work environment against me and my job.

**ANSWER: Defendant is without sufficient information or knowledge to form a belief as to the truth regarding plaintiff's alleged enthusiasm toward her assigned job duties and, therefore, DENIES the same. Defendant DENIES that it had any**

negative impact on plaintiff's ability to perform her assigned job duties.  Defendant DENIES all remaining allegations contained in paragraph 2 of plaintiff's complaint.

3. My employer permitted and encouraged that my personal and professional reputation be systematically slandered, which caused my class size to be considerably reduced, that my personal property be stolen, that staff members, who previously were amiable in response to my collegial attitude, became hostile and threatening to me, and circulating false accusations/rumors denigrating even my professional integrity.

**ANSWER: Defendant DENIES that it permitted or encouraged the alleged systematic slander of plaintiff's reputation.  Defendant DENIES all remaining allegations contained in paragraph 3 of plaintiff's complaint.**

4. My employer refused to schedule the time I need in addition to my teaching schedule, to write extensive I.E.P.'s for the students assigned to my provider list for special needs services – which caused me and my ward and son, who is mentally disabled, tremendous suffering and endangerment by this constant and hostile interference with our F.M.L.A. needs.

**ANSWER: Defendant DENIES that plaintiff was not provided with time to complete the I.E.P.'s for her assigned students.  Defendant DENIES that there was any interference with plaintiff's FMLA.  Defendant DENIES that any of its actions subjected plaintiff or her son to any suffering or endangerment.  Defendant DENIES all remaining allegations contained in paragraph 4 of plaintiff's complaint.**

5. My employer deleted my name from our school staff's e-mail lists, thus causing me to miss important work events and deadlines despite my enthusiasm to be part of these events – and, then blamed and punished me for missing the information deliberately withheld from me.

**ANSWER: Defendant DENIES that any information was deliberately withheld from plaintiff.  Defendant DENIES all remaining allegations contained in paragraph 5 of plaintiff's complaint.**

6. My employer lied about disciplinary action, e.g. warning, having punished me and, then, used the warning as a basis to issue other disciplinary actions against me, while I was on F.M.L.A. thus the Defendant Board of Education continued and increased its actions of the previous case, No. 11 C 673.

**ANSWER: DENIED.**

7. My employer stated, to my Chicago Teachers Union representative, that these issues are "not grievable", [sic] thus causing the dismissal of my C.T.U. Grievances.

**ANSWER: DENIED.**

8. My employer, upon having been exposed in their disciplinary punishment untruths which they professed as justified, started another series of hostile and unfair practices, deleting my unit plans, refusing to allow me to participate at meetings and professional development events, and refusing to allow my training in Google Doc – which caused me great inconveniences and huge amounts of time, beyond my work time, to keep abreast of my professional duties, thus, again, willfully and indifferently to mine [sic] and my son's suffering, interfering with my F.M.L.A. time.

**ANSWER: Defendant DENIES that there was any willful and/or indifferent interference with any leave taken by plaintiff under the FMLA. Defendant DENIES all remaining allegations contained in paragraph 8 of plaintiff's complaint.**

9. My employer counted my F.M.L.A. time, and even Saturdays (which is not working time) as tardies and/or absences – I have never been absent without making previous arrangements, as per our school policies. Nevertheless, my employer, not only used my F.M.L.A. or weekend time as a reason to issue disciplinary actions against me, but even placed in my personal C.P.S. file, a "red flag" warning, to any potential employer, that I have "excessive" and "egregious" attendance patterns, which is not true.

**ANSWER: Defendant DENIES that any statements have been issued to any potential employer about plaintiff's attendance. Defendant DENIES all remaining allegations contained in paragraph 9 of plaintiff's complaint.**

10. My employer, without my knowledge, and through unfair professional evaluation practices, claiming that my previous evaluations, performed by other principals, were "incomplete" (when, in fact, they were complete), by attaching to my name students whom I do not teach, - thus evaluating me with negative "value-added

component -, and by refusing to use the Addendum[1] to the R.E.A.C.H Teacher Performance Evaluation, as well as by claiming that I did not enter grades while I was on F.M.L.A. – issued an "unsatisfactory" rating of my performance, which within 90 days from December, 2014, will result in my most probable dismissal from my job.

**ANSWER: Defendant ADMITS that plaintiff received an unsatisfactory performance evaluation on December 14, 2014 but DENIES the remaining allegations contained in paragraph 10. Defendant DENIES the allegations contained in footnote 1 to paragraph 10 of plaintiff's complaint.**

11. Plaintiff respectfully asks, upon proof that the above allegations are truthful and only a portion from a greater list of damages the Board caused her and her ward and son to suffer, the following compensation.

**ANSWER: Paragraph 11 contains a prayer for relief to which no response is required. However, to the extent a response is required, Defendant DENIES that it has caused any damages to plaintiff or her son and DENIES that any damages are due to plaintiff.**

12. Equitable relief as may be appropriate, including employment, reinstatement and promotion within or (sic) safe and fair work environment and evaluation.

**ANSWER: Paragraph 12 contains a prayer for relief to which no response is required. However, to the extent a response is required, Defendant DENIES that any equitable relief is appropriate or due to plaintiff. Defendant DENIES that plaintiff has been terminated and therefore DENIES that a request for reinstatement is appropriate. Defendant DENIES plaintiff is entitled to any promotion. Defendant DENIES plaintiff's work environment is unsafe or unfair and DENIES her evaluation was unfair.**

---

[1] The Addendum contains modified evaluation criteria for the exceptional needs specialist, which is my teaching assignment. The evaluator did not give me professional feedback.

13. Any wages, salary, employment benefits, or other compensation denied to me, or lost by reason of the violation, and any direct monetary losses caused to me as a direct result of the violation.

**ANSWER: Paragraph 13 contains a prayer for relief to which no response is required. However, to the extent a response is required, Defendant DENIES that any form of compensation has been denied to plaintiff. Defendant DENIES that any violations have taken place resulting in denial of any benefit to which plaintiff is legally entitled.**

14. Allowing a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

**ANSWER: Paragraph 14 contains a prayer for relief to which no response is required. However, to the extent a response is required, Defendant DENIES that plaintiff is entitled to any attorneys' fees, expert witness fees, or other costs of the action.**

15. Additional amount of liquidated damages and any other award this Court might deem appropriate.

**ANSWER: Paragraph 15 contains a prayer for relief to which no response is required. However, to the extent a response is required, Defendant DENIES that plaintiff is entitled to any liquidated damages or other relief.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant Board established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation, or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise

5

avoid harm.

Second Affirmative Defense

To the extent plaintiff attempts to raise any claims that are not timely, they are barred by the applicable statute of limitations.

Third Affirmative Defense

To the extent plaintiff has suffered any damages as a result of the actions taken by Defendant Board or its agents, plaintiff has failed to properly mitigate her damages.

## JURY DEMAND

Defendant Board demands a trial by jury in this case.

Respectfully submitted,
JAMES L. BEBLEY
General Counsel

By: /s/ Abbe M. Feitelberg
Abbe M. Feitelberg
Board of Education of the City
of Chicago - Law Department
1 North Dearborn Street, Ste. 900
Chicago, IL 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I, Abbe Feitelberg, an attorney do hereby certify that I caused the attached **Defendant's Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint** to be served upon Plaintiff via U.S. Postal Service at the address of 10732 S. Seeley Ave, Chicago, Illinois 60643, on February 18, 2015.

/s/ Abbe M. Feitelberg
Abbe M. Feitelberg