IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA L. O'CONNOR,<br><br>        Plaintiff,<br>v.<br><br>CHICAGO BOARD OF EDUCATION,<br><br>        Defendants. | No. 14-cv-10263<br><br>Judge John W. Darrah<br><br>Magistrate Susan E. Cox |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, VALENTINA L. O'CONNOR, by and through her attorney, Donald J. Angelini, Jr. of the law firm of Angelini & Angelini, in complaining of the Defendant, CHICAGO BOARD OF EDUCATION, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, VALENTINA O'CONNOR, brings this civil action under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* ("FMLA"), which seeks damages and affirmative relief due to the Defendant, CHICAGO BOARD OF EDUCATION, retaliating against her for filing and pursuing a prior lawsuit in this United States District Court for the Northern District of Illinois, Case No. 11-cv-0673, which sounded in FMLA Interference and FMLA Retaliation.

2. Jurisdiction of this Court over this controversy is invoked under 28 U.S.C. §1331 and 28 U.S.C. §§1343(a)(3) – (a)(4).

3. Venue is proper pursuant to 28 U.S.C. §1391.

1

## PARTIES

4. Plaintiff, VALENTINA O'CONNOR, at all times relevant herein was and still is a resident and domiciliary of the County of Cook, specifically residing at 10732 South Seeley Avenue, Chicago, Illinois 60643. At all times relevant herein, Plaintiff was and still is an "employee" of Defendant within the meaning of 29 U.S.C. §2611(2)(A). Further, Plaintiff was and still is an "eligible employee" within the meaning of 29 U.S.C. §2611(2)(B)(ii) because Defendant employs more than 50 employees within 75 miles of Plaintiff's worksite.

5. Defendant, CHICAGO BOARD OF EDUCATION, is an Illinois public school district organized pursuant to the School Code of Illinois, 105 ILCS 5/1, *et seq.* Defendant is in an industry affecting commerce and is located within this Northern District with its facilities located in Chicago, Illinois. Defendant was at all times relevant herein, and still is, the "employer" of Plaintiff within the meaning of 29 U.S.C. §2611(4)(A).

## BACKGROUND

6. Plaintiff, VALENTINA O'CONNOR ("Ms. O'Connor"), is a special education teacher at Bowen High School in Chicago, Illinois.

7. Bowen High School is in the Chicago Public Schools system.

8. The Defendant, CHICAGO BOARD OF EDUCATION ("Board"), is responsible for the governance, organization and financial oversight of Chicago Public Schools, including Bowen High School.

9. In 2011, Ms. O'Connor filed, against this same Defendant, a two-count Complaint in this United States District Court for the Northern District of Illinois, Case No. 11-cv-0673 ("2011 Case"). Count I alleged interference with Ms. O'Connor's rights under the Family

and Medical Leave Act of 1993, while Count II alleged retaliation against Ms. O'Connor for exercising her FMLA rights.

10. In June 2012, The Honorable Amy J. St. Eve denied the Board's Fed. R. Civ. P. 56 Motion for Summary Judgment.

11. By January 2013, the parties had reached a final settlement agreement, and the 2011 matter was dismissed with prejudice pursuant to settlement.

## FACTUAL ALLEGATIONS

12. Following this settlement of the 2011 lawsuit, the Board, through its employees, including Ms. O'Connor's supervisors, engaged in an additional course of aggressive retaliation against Ms. O'Connor, including:

    a. Denying her sufficient time to complete Individualized Education Programs ("IEP") for special needs students assigned to her, which resulted in approximately 18 hours per month of unpaid working hours and the inability to adequately care for her son;

    b. Making insulting and unjustified criticisms of her professional abilities, including requiring her to re-write IEPs that were properly completed;

    c. Deleting her name from the school staff e-mail lists, which caused her to miss important work events and deadlines, then reprimanded her for her absence;

    d. Deleting her unit plans and IEPs;

    e. Altering her IEPs to distort the text and make her writing appear sub-standard;

    f. Assigning her to co-teach subjects for which she is not certified to teach;

    g. Requiring her to work four consecutive class periods when the maximum allowed is three;

    h. Changing her schedule to require her to teach a first period class, despite knowing she needs to provide medical treatment to her son in the mornings;

    i. Denying her a lunch period and/or punishing her for being a few minutes late to a meeting that was scheduled during her lunch period;

j. Refusing to install an LCD projector, internet connection, and a printer connection in her classroom, despite all other classrooms having such technology;

k. Making insulting and unjustifiable comments about her, of both a professional and personal nature, which were made in the presence of her students and directed for her students to hear;

l. Refusing to allow her to participate in meetings, professional development events, and training in the use of Google Drive and Google Docs;

m. Counting her absent when she was not at work on Saturdays, which is not a usual working day;

n. Counting her FMLA time as absences;

o. Placing a "red flag" in her personnel file stating she has "excessive" and "egregious" attendance patterns;

p. Claiming that teacher evaluations performed by prior principals were "incomplete" when, in fact, they were complete;

q. Associating certain students' performances with her teaching when those students were not, in fact, her students, which resulted in negative value-added-component on her teacher evaluations;

r. Refusing to use an addendum to the REACH Teacher Performance Evaluation, which contains a modified assessment for teachers working with exceptional needs students;

s. Issuing an "unsatisfactory" rating of her job performance, which may result in her job termination; and

t. Otherwise unjustifiably disciplining, writing up, or accusing her of certain action or inaction.

13. In contrast to the repeatedly hostile and severe manner of how Defendant treated Plaintiff, Defendant did not treat similarly situated employees – who had not requested nor taken leave protected by FMLA, or filed a complaint of retaliation for taking FMLA protected leave – in a hostile or severe manner.

14. Defendant's conduct toward Plaintiff was intended to, and did, constitute retaliation for her exercising her rights under the FMLA and filing the 2011 Case.

15. Based on the foregoing, and more, Plaintiff charges Defendant with unlawful retaliation related to Plaintiff's employment, terms of employment, and conditions of employment for her filing of the 2011 Case.

## COUNT I
## FMLA – Retaliation

16. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth as Paragraph 16 herein.

17. Defendant, through its employees, including Plaintiff's supervisors, retaliated against Plaintiff for having exercised her rights under the FMLA and for filing the 2011 Case, which violates the FMLA's prohibition against adverse employment action for statutorily protected conduct.

18. As a result of Defendant's retaliation against Plaintiff for exercising her rights under the FMLA and filing the 2011 Case, Plaintiff has suffered damages, including a loss of wages, the potential loss of her employment, and attorneys' fees and costs.

19. Further, said actions by the Defendant were done with malice and reckless disregard for Plaintiff's protected rights, which gives rise to liquidated damages.

WHEREFORE, Plaintiff requests this Court grant her the following relief:

 a. An order declaring the acts and practices of the Defendant described herein constitute violations of the FMLA;
 b. Plaintiff's employment record be purged of all adverse documents placed in her file due to violations of the FMLA;
 c. Plaintiff be transferred to teach at a school other than Bowen High School;

d. Plaintiff's FMLA time be reinstated to the extent that Plaintiff was forced to use additional FMLA time due to Defendant's violations of FMLA;

e. Defendant be permanently enjoined from retaliating against Plaintiff for exercising her rights under the FMLA and filing the 2011 Case;

f. Defendant be ordered to compensate, reimburse and make Plaintiff whole for all income and benefits Plaintiff would have received had it not been for the Defendant's violations of FMLA, including backpay, front pay, and benefits;

g. Defendant be ordered to pay Plaintiff liquidated damages, in an amount equal to the sum of Plaintiff's actual damages and interest, pursuant to 29 U.S.C. §2617(a)(1)(A).

h. Defendant be ordered to pay Plaintiff prejudgment interest;;

i. Defendant be ordered to pay Plaintiff's attorneys' fees and costs of this action;

j. For such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON THE MATTERS COMPLAINED OF HEREIN.

Dated: July 1, 2015                                  Respectfully Submitted,


  /s/ Donald J. Angelini, Jr.___
Donald J. Angelini, Jr.
Angelini & Angelini
155 N. Michigan Avenue, Suite 400
Chicago, Illinois 60601
Ph: 312.957.1900
F:  312.861.1302
donald.angelinilaw@gmail.com

Counsel for Plaintiff
VALENTINA L. O'CONNOR

6

## CERTIFICATE OF SERVICE

      I, Donald J. Angelini, Jr., hereby certifies that on July 1, 2015, I electronically filed a copy of the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

Kathleen D. Crawford
Abbe Michelle Feitelberg
Chicago Board of Education, Law Department
1 North Dearborn Street, Suite 900
Chicago, Illinois 60602
kdcrawford2@cps.edu
amfeitelberg@cps.edu


**Dated: July 1, 2015**　　　　　　　　　　　　　　　　　　　　__/s/ Donald J. Angelini, Jr.___