# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALENTINA O'CONNOR, <br>    Plaintiffs, <br>  v. <br> BOARD OF EDUCATION OF THE <br> CITY OF CHICAGO, <br>    Defendant. | Case No. 14-CV-10263 <br><br> Judge Sharon Johnson Coleman |

## ORDER

Defendant, Board of Education of the City of Chicago ("Board") moves to dismiss Count I of Plaintiff, Valentina O'Connor's Third Amended Complaint, alleging that it is time-barred. For the reasons stated below, Defendant's motion to dismiss is denied.

## STATEMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 983 (N.D. Ill. 2009) (Dow, J.). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). In assessing whether a claim has met the statute of limitations, "dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine*, No. 16-3395, 2017 U.S. App. LEXIS 23012, at *4-5 (7th Cir. Nov. 16, 2017).

The following facts are taken as true to resolve the instant motion. Plaintiff filed a prior lawsuit against the Board based on discrimination she experienced in response to asserting her rights under the Family and Medical Leave Act ("FMLA"). This case eventually settled and was dismissed with prejudice in January of 2013. Plaintiff continued her employment with the Board at Bowen

1

High School. On or around March 10, 2014, Plaintiff applied for FMLA leave from March 11, 2014 through June 25, 2014. Her petition indicated that she was requesting leave to care for "Michael W. O'Connor" and "Valentina L. O'Connor." (Dkt. 132, Ex. A). On March 20, 2014, the Board approved the FMLA leave from March 11, 2014 through April 11, 2014. (Dkt. 132, Ex. B). On April 7, 2014, Plaintiff submitted another FMLA leave request to care for her son, Micheal W. O'Connor, alone. (Dkt. 132, Ex. C). This second request was denied.

On December 12, 2014, Plaintiff filed a *pro se* complaint alleging facts to support FMLA retaliation and interference claims related to requests for leave to care for her son. On July 1, 2015, upon obtaining an attorney, Plaintiff amended her complaint and similarly alleged that "Defendant has interfered with [her] right to leave protected by the FMLA" in order to care for her son. On December 29, 2015, the Board laid off Plaintiff and she filed her Second Amended Complaint, which raised a claim of FMLA interference based on Plaintiff's right to take FMLA leave due to her own serious illness. Finally, on November 28, 2017, Plaintiff filed a Third Amended Complaint and alleged that Defendant interfered with her right to take leave protected by FMLA in order to tend to her son's health.

Defendant now argues that Count I of Plaintiff's Third Amended Complaint is time-barred because it is a "new" claim that filed more than three years after she asserted her FMLA right. The Court disagrees. This is not a new claim. The FMLA interference claim in Plaintiff's original complaint and First Amended Complaint referenced the FMLA leave requests to care for Plaintiff's son that occurred between March and April of 2014. Both of these complaints were filed within the statute of limitations. Federal Rule of Civil Procedure 15(1)(B) provides that an "amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The claim alleged in Plaintiff's Third Amended Complaint is not

2

time-barred because it stems from the same type of conduct and period of FMLA leave alleged in all of the previous complaints. Accordingly, it relates back to the date of the original pleading that alleged she was caring for her son. *See Meadows v. Popeyes La. Kitchen,* No. 13 C 5659, 2015 U.S. Dist. LEXIS 78955, at *5 (N.D. Ill. June 18, 2015)(Blakey, J.).

Further, this Court finds that Defendant would not be prejudiced by preserving Count I because Plaintiff consistently asserted an FMLA interference claim in each complaint. Defendant was put on notice of the nature of the claims it would need to defend against. *See Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015) (finding that to survive dismissal, the complaint need only provide Defendant with fair notice of what the claim is and the grounds upon which it rests). Consequently, as there was sufficient notice of the type of claim that would arise, the specific basis of the FMLA request—whether for Plaintiff's own care or that of her son—is inapposite at this stage of the proceedings. *Id.*

Plaintiff's claim was timely as it properly related back to the original complaint that was filed within the statute of limitations. Given the liberal pleading standard at this stage, the Court finds that Count I is sufficient to survive scrutiny on the limited basis of the statute of limitations.

**Conclusion**

Based on the above analysis, this Court denies Defendant's Motion to Dismiss Count I of Plaintiff's Third Amended Complaint. Defendant has 14 days to answer Plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

ENTERED:      SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 3/9/2018