# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| VALENTINA O'CONNOR, | ) |
|---|---|
| Plaintiff, | ) |
|  | ) Case No. 14-cv-10263 |
| v. | ) |
|  | ) Judge Sharon Johnson Coleman |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) |
|  | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Valentina O'Connor ("O'Connor") brought this suit against Defendant, Board of Education of the City of Chicago ("Board") asserting claims of interference with leave and retaliation pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*. The Board now moves to dismiss O'Connor's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

O'Connor filed her initial application to proceed *in formal pauperis* ("IFP") on March 5, 2015, claiming that she was unable to pay the cost of her lawsuit and petitioning this court for an appointed counsel [23]. On September 1, 2015, she voluntarily withdrew the aforementioned request [27]. She submitted a new application seeking the same assistance on February 1, 2016 [36], and it was granted. The 2016 application did not mention that her husband owned any property, although that fact was included in the first. Additionally, the 2016 application stated that O'Connor and her husband together had only $300 in their bank accounts. Both applications indicated that O'Connor did not have a pension.

Early in 2018, it was brought to this Court's attention that O'Connor's applications may have contained untrue information. On February 26, 2018, after conducting a hearing on the matter, the Court struck the appointment of Plaintiff's counsel because O'Connor admitted, under

1

oath, that the financial statements she provided were not accurate. She is now proceeding *pro se*. During the hearing, O'Connor also testified to receiving between $520 and $540 in social security benefits each month since 2016. After the Board filed this motion to dismiss O'Connor's Third Amended Complaint, the Court permitted oral argument on May 8, 2018.

District Courts may allow indigent plaintiffs to file their complaints without prepaying the required fees upon evaluation of an IFP application, which includes an affidavit swearing to their assets and inability to pay. 28 U.S.C. § 1915(a)(1). If a district court learns, at any time, that the allegations of poverty are untrue, it is required to dismiss the case. 28 USCS § 1915(e)(2)(A). Courts may decide whether to dismiss with or without prejudice as a sanction for filing a false application; however, in cases where there is a finding of intentional misrepresentation or withholding of important information, dismissal with prejudice is appropriate. *See Holly v. Wexford Health Servs.*, 339 F. App'x 633, 636 (7th Cir. 2009)(affirming district court's decision to dismiss with prejudice when "there is plenty of evidence that [petitioner] intentionally hid from the court the fact that he was receiving income."); *Thomas v. GMAC*, 288 F.3d 305, 306-07 (7th Cir. 2002) (affirming that dismissal with prejudice was the only feasible sanction for perjury designed to defraud the government)*; cf. Yoon Ja Kim v. Earthgrains Co.*, No. 01 cv 3895, 2010 U.S. Dist. LEXIS 62831, at *22 (N.D. Ill. June 24, 2010)(Cox, J.)(denying dismissal with prejudice where the false statements were likely attributed to plaintiff misunderstanding the application).

Here, the evidence clearly suggests that O'Connor has not been forthright with this Court. First, she intentionally omitted the real estate owned by her husband from her 2016 IFP application. The property was included in the initial 2015 version, which she voluntarily withdrew. *See Tennial v. Madigan*, 2012 U.S. Dist. LEXIS 10689, *6, 2012 WL 266395 (N.D. Ill. January 30, 2012)(Der-Yeghiayan, J.)(finding dismissal with prejudice appropriate where plaintiff made misrepresentations to the court by omission). Second, O'Connor has appended a number of documents to her recent

2

filings that raise questions about the veracity of both IFP applications. She provided this Court with her Chicago Public Schools Tax Sheltered 403(b) pension plan statement from September 2014, which indicates that it contained a total of $2,077.72. O'Connor, however, denied having any pension plans in both applications. While it is O'Connor's position that this account was depleted in order to pay her son's legal expenses, she has provided no evidence that any money was withdrawn from the pension account. O'Connor also submitted her Beverly Bank & Trust Co. checking account statement from February 10, 2016 presumably to demonstrate the large amounts of debits during the statement period. While the total amount in the account did decrease significantly in that period, there remained a balance of $1,188.96 that was not reflected in her IFP application dated February 1, 2016. In fact, O'Connor attested to only having $300 in the bank on the application. Finally, parties proceeding *in forma pauperis* have a duty to inform the court when their financial situation has improved. *See Thomas*, 288 F.3d at 306-07 (denying with prejudice where plaintiff did not disclose expected income and failed to notify the court upon receipt of those funds). O'Connor testified to receiving over $500 per month in social security benefits since 2016, but she did not notify the Court voluntarily of her new income or attempt to submit a revised IFP application. O'Connor has had numerous opportunities to clarify her position in writing or to ask questions of the Court during the two hearings allowed to discuss her IFP applications, but she did not.

In addition to the factual inconsistencies regarding her finances, the Court cites O'Connor's erratic and manipulative disposition during the hearings as proof that she lacks credibility. When trying to garner the sympathy of the Court, she presents herself as a meek, helpless and confused *pro se* plaintiff with no information or resources at her disposal. However, at opportune times when O'Connor wants to convey her point, she adopts a confident, "take-charge" demeanor, touting her advanced education, proficiency in writing and organization, fluency in multiple languages, and professional excellence before the Court. Taking all the facts together, this Court is not convinced

3

that the "discrepancies" in the IFP applications were mere misunderstandings or innocent mistakes as O'Connor contends.

After reviewing all of the pleadings and considering the oral presentations, this Court finds that O'Connor's applications both contain untruthful statements warranting dismissal. Further, the evidence suggests that the misstatements were made with the intent to be evasive and mislead the Court, which justifies dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice is granted.

IT IS SO ORDERED.

ENTERED:     SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 5/24/2018